## L. M. Anderson v. Adeline B. B. Irwin et al.

An appeal will not be dismissed, when the want of service of citation of appeal in time was not attributable to the appellant.

The holder, in order to show title, must prove the genuineness of the endorsement to obtain judgment against the drawer.

Where the defendant dies during the pendency of the suit, it is the better practice to transfer the suit to the court in which the succession is opened.

APPEAL from the First District Court of New Orleans, *Larue*, J. *J. S. Whittaker*, for plaintiff. *R. H. Marr*, for defendant. The judgment of the court was pronounced by

Preston, J. The plaintiff and appellee moves to dismiss this appeal, on the ground that the citation of appeal was not served upon him until after the return day of the appeal. The appeal was made returnable on the 3d of November, but the appellant had until the 6th to file the record, when it was filed. The citation was served upon the appellee on the 5th of November. The motion to dismiss cannot, therefore, prevail.

The delay, amounting to an irregularity, in serving the citation, is not imputable to the fault of the appellants. An appellee, who is not seasonably cited, through the fault of the sheriff, might be entitled to further time to answer to the appeal; but that relief has not been asked in the present case.

The appellant assigns for error, that no evidence was offered of the endorsement by *Lillard, Moseby & Co.* of the note, on which they are sued as drawers.

The assignment is well taken; the endorsement should have been proved to show a title to the note in the plaintiff.

The plaintiff might be non-suited, but thinking with the defendant's counsel that, as the defendant died during the pendency of the suit, and her succession was opened in the Third District Court of New Orleans, and a curator having been appointed in that court before judgment, the cause should have been removed to that court, justice requires that it should be remanded for that disposition of it. Had they asked for the transfer of the cause in the district court, no doubt the judge would have ordered it.

Conceding that money claims may be established before other courts than that in which a succession is opened, if no exception be made, still it is a better practice, if not absolutely required by our laws, to establish, liquidate and pay money claims by authority of the court in which the succession is opened, in order that the succession may be speedily and satisfactorily settled by that court. C. P. 164, No. 2. C. C. 1105. 3 R. R. 93. 11 L. R. 360. And it was the duty and interest of the curator, as well as of the plaintiff, to have this course pursued in the present case.

The judgment of the district court is reversed, and the cause remanded, with directions to transfer it for trial to the Third District Court of New Orleans; and the appellee is condemned to pay the costs of the appeal.